## McGowan et al., Appellants, v. Bailey et al.

*Vendor and vendee—Sale of coal—Mining rights—Evidence.*

A covenant, in an agreement for the sale of coal, to convey, together with the coal, certain mining rights, is not merged in the deed afterwards made for the coal, which omitted to convey the mining rights.

In an action of trespass for exercising the mining rights mentioned in the agreement, the portion of the agreement referring to the mining rights was properly admitted in evidence.

*Deed—Description of land—Courses and distances.*

An agreement for the sale of coal described the coal as "all the merchantable or stone coal which is contained in or may be dug from all that certain tract or piece of land," etc. The deed afterwards made for the coal described it as "all the bituminous or stone coal which is in and under the farm of said first parties, containing thirty-five acres one hundred and fifteen perches, being the stone coal in and under the farm owned by John McGowan, deceased, now owned and in possession of the parties of the first part." The deed described the land by adjoining property owners and by courses and distances. Plaintiffs claimed that defendants had mined about a quarter of an acre of coal outside of the boundaries mentioned in the deed. *Held,* that as the manifest intention of the parties was to convey all the coal in and under the entire farm, the courses and distances must yield to cover the fraction of an acre lying outside of these lines.

Argued Nov. 7, 1892. Appeal, No. 235, Oct. T., 1892, by plaintiffs, James McGowan et al., from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1888, No. 66, on verdict for defendant, A. L. Bailey et al. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass to recover damages for injuries to surface land by improper mining of coal, and for mining of coal belonging to plaintiffs.

At the trial, before WHITE, J., it appeared that on May 7, 1866, James McGowan and others by articles of agreement contracted to convey to John O'Neil "all the merchantable or stone coal which is contained in or may be dug from under all that certain tract or piece of land, situated in Mifflin township, county of Allegheny, state of Pennsylvania, bounded by lands of Henry Large, Joseph Ralston, Joseph and John Livingston,

Forsyth's heirs, and others, [with rights of way for any rail-roads, entries, etc., which the said John O'Neil, his heirs and assigns, may see proper to make at any time for the purpose of working his pits, together with all suitable air-drifts, pitmouths, water courses, places for depositing slate and slack, and all other things necessary and proper for the suitable running of said coal or any other coal that said O'Neil may want to run.]"

The portion of the above agreement in brackets was given in evidence.

The deed afterwards made for the coal described it as follows:

" All the bituminous or stone coal which is in and under the farm of said first parties in Mifflin township, Allegheny county, Pa., bounded by lands of Joseph and John Livingston, B. Forsythe's heirs, A. Large, H. Large and Joseph Ralston, and the coal hereby granted being bounded and described as follows, viz.: [By courses and distances.]    Containing 35 acres 115 perches, being the stone coal in and under the farm owned by John McGowan, deceased, now owned and in possession of the parties of the first part.

" Together with all and singular the buildings, improvements, ways, waters, water courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging or in anywise appertaining, and the reversions and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, property, claim and demand whatsoever of the said parties of the first part in law, equity or otherwise howsoever of, in, and to the same and every part thereof."

The notes of testimony, including the charge of the court, were lost, but the parties agreed that the following testimony was given and was uncontradicted:

" (1) That the McGowan farm contained 61 or 62 acres, as described by adjoiners. [6]

" (2) That L. B. Patterson, a surveyor chosen by both parties to the deed, accompanied by a representative of each, went upon the ground and made a survey of the coal sold, to ascertain the acreage to be conveyed, and the gross price to be paid, and made the survey as returned in the deed by courses, distances and contents as 35 acres and 115 perches,—being the same delineated on the plats of the farm in evidence by red

lines and adjoiners or boundaries, that of plaintiffs being marked ' Exhibit No. 1, June 14, 1892,' that of defendants marked ' Exhibit B, June 15, 1892.' [7]

" (3) That there was evidence offered and admitted without objection that the defendants had mined and removed 140 perches of coal outside of the grant, as described by the Patterson survey, while on the part of the defendants evidence was offered and admitted, without objection, that all the mining was done within said grant." [8]

" (4) That there was evidence offered by plaintiffs, and admitted under objection, that coal averages 100,000 bushels of lump and 45,000 bushels of nut and slack to the acre—that the cost of digging averaged $3\frac{1}{2}$ cents per bushel for lump coal; that the lump coal was worth at the tipple from $\frac{3}{4}$ to $1\frac{1}{2}$ cents above the cost of digging, and nut and slack from $1\frac{1}{2}$ to 2 cents per bushel." [9]

Defendants' points were among others as follows:

" 2. If damages are allowed by the jury, they must not include any claim or allowance for the opening of pit, air shaft or any other opening necessary to the proper operating of said mine; nor for the erection and maintenance of the trestle. But only for the breaking and injury to the surface of the farm resulting from removal of coal." Affirmed. [1]

" 4. Under the deed from plaintiffs to John O'Neil, under whom defendants claim, they (defendants) have the right to mine and remove all the coal under plaintiffs' farm." Affirmed. [2]

" 6. If the coal under the McGowan farm was mined and removed in the usual and ordinary way by defendants, and they were not guilty of any negligence, or want of reasonable care in so doing, plaintiffs cannot recover in this action. *Answer:* Affirmed, except as to the duty of supporting the surface, as explained in the charge." [3]

Verdict for plaintiff for $650.

The court entered judgment on the verdict, in the following opinion by WHITE, J. :

" [The deed was in the ordinary form of a fee simple conveyance, without stating or mentioning any mining or surface rights. The portion of the article of agreement quoted in the Supreme Court was put in evidence, which this court decided

was competent evidence. That explained what mining and surface rights were included in the purchase of O'Neil and passed to defendants.] [4]

" [The article of agreement, or that part of it which spoke of the ' merchantable' coal was not in evidence, and no question was raised on that point at the trial. In the charge it was referred to, and the court held, I think properly, that the deed being for ' all the stone coal,' it carried all. That part of the agreement was clearly merged in the deed.

" I think there is no uncertainty or repugnancy in the descriptive part of the deed. It expressly conveys all the coal in and under the farm, describing it by adjoining farms—then describes by courses and distances the boundaries of the coal, and then repeats the expression, ' being all the coal in and under' the whole farm—evidently the parties thought they had included all the coal in the specific boundaries. But as the clearly manifest intention was to convey all the coal in, and under the entire farm, the courses and distances will yield, to cover the fraction of an acre lying outside these lines, to conform to the general description and evident intention of the parties. There is nothing in the habendum inconsistent with this view.] " [5]

*Errors assigned* were (1–3) above instructions, quoting them; (4, 5) in charging in substance as indicated in the portions of the opinion as above, quoting them; (6–9) in withdrawing from the jury the above evidence, quoting it as above.

*Joseph Forsythe*, for appellants, cited : Everhart v. Dolph, 133 Pa. 628; Koch v. Dunkel, 90 Pa. 264; 11 Am. & Eng. Ency. 513, Tit. Interpretation, note 4; Reeves v. D. L. & W. R. R., 30 Pa. 456; Wheeler v. Winn, 53 Pa. 122; Broom, Leg. Max., 7th Am. ed. *614, *640; Cox v. Freedley, 33 Pa. 124; Miner's Ap., 61 Pa. 283; Hoffman v. Danner, 14 Pa. 25; Harvey v. Vandegrift, 89 Pa. 346; Brolaskey v. M'Clain, 61 Pa. 146; Shoemaker v. Ballard, 15 Pa. 92; Hall v. Powell, 4 S. & R. 456; Mageehan v. Adams, 2 Bin. 109; Walker v. Smith, 2 Pa. 43; Thomas v. Mowrer, 15 Pa. 139; Wood v. Appal, 63 Pa. 210; Craft v. Yeaney, 66 Pa. 210; Huston v. Barstow, 19 Pa. 169; Rife v. Galbreath, 3 P. & W. 204; Holden v. Winslow,

18 Pa. 160 ; Elkins, Bly & Co. v. McKean, 79 Pa. 493 ; Pa. R. R. v. Lyons, 129 Pa. 113 ; Phila. & R. R. R. v. Boyer, 97 Pa. 100 ; Coleman's Ap., 62 Pa. 252 ; Lyon v. Gormley, 53 Pa. 261 ; Herdic v. Young, 55 Pa. 176 ; Wager v. Wager, 1 S. & R. 374 ; Warn v. Brown, 102 Pa. 347 ; 2 Bl. Com., p. 279 ; Watters v. Bredin, 70 Pa. 237 ; Webber v. Stanley, 16 C. B. N. S. 752.

*J. McF. Carpenter*, for appellees, cited : McGowan v. Bailey, 146 Pa. 572 ; Close v. Zell, 141 Pa. 390 ; Bull v. Willard, 9 Barb. (N. Y.) 644 ; Selden v. Williams, 9 Watts, 9.

PER CURIAM, January 3, 1893 :

This case has been here before and is reported in 146 Pa. 572. A careful examination of it fails to disclose any substantial error. It does not require further discussion.

Judgment affirmed.